IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:09CR00003 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| AMELIA TURNER, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Amelia Turner, Pro Se Defendant.*

By Opinion and Order entered April 29, 2013, I dismissed defendant Amelia Turner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, as untimely. *United States v. Turner*, No. 2:09CR00003, 2013 WL 1796013, at *3 (W.D. Va. Apr. 29, 2013). I expressly found that Turner had failed to establish that her medical and mental health issues presented grounds for equitable tolling of the limitation period under § 2255(f). *Id.* On June 24, 2013, Turner filed a "PETITION FOR RECONSIDERATION OF ORDER ENTERED 4/29/13," which I construe as a Motion for Relief from a Judgment or Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing Turner's motion and attachments, and the record, I deny Turner's motion.[1]

---

[1] Because Turner's motion seeks only reconsideration of the procedural grounds on which I denied her § 2255 motion, I may address it under Rule 60(b) and need not

To warrant equitable tolling, a defendant must establish two elements: "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). Where a defendant asserts that her mental health provides grounds for such tolling, she must generally demonstrate "profound mental incapacity" that prevented her from timely filing a § 2255 motion. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004).

Turner argues in her current motion that I should reconsider her equitable tolling arguments, based on the new documentation she presents. She admits, however, that she has not been hospitalized for mental health problems or deemed mentally incompetent at any time. Review of her documentation also does not indicate to me that her medications or mental impairments were sufficiently incapacitating to prevent Turner from understanding her situation or from analyzing and asserting her rights under § 2255 within the time allotted by statute. Thus, I do not find that her current mental health information presents equitable tolling grounds for relief from the judgment dismissing her § 2255 motion as untimely filed.

---

construe and dismiss it as a successive § 2255motion. *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).

For the stated reasons, it is **ORDERED** that Turner's motion (ECF No. 87) is DENIED.

ENTER: July 15, 2013

/s/ James P. Jones
United States District Judge